UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYWANE TOUSANT,<br><br>            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No.:   21-cv-1905 W<br>                  09-cr-1250 W<br><br>**ORDER (1) DENYING PETITION AND AMENDED PETITION [DOCS. 256, 262] FOR WRIT OF HABEAS CORPUS, AND CERTIFICATE OF APPEALABILITY** |

   Pending before the Court is Petitioner Dywane Tousant's original Petition and Amended Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255. Respondent United States of America opposes.

   The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1. For the reasons stated below, the Court **DENIES** the Petition [Doc. 256], Amended Petition [Doc. 262], and a Certificate of Appealability.

//

//

//

## I. FACTUAL BACKGROUND

The following factual background is taken from Respondent's Opposition.[1] (*See Opp'n* [Doc. 273] 1:21–3:11.) Petitioner does not dispute any of the facts and in his reply concedes they are accurate. (*See Reply* [Doc. 278] 2:11–20.)

Petitioner's criminal case stems from an investigation by the Oceanside Police Department (OPD) into the report of a kidnapping in which the perpetrators intended to solicit a 14-year-old girl (MF) for prostitution. After Petitioner and another individual approached MF in a Church's Chicken parking lot, she agreed to go with them to a motel in Oceanside. There, Petitioner and the other defendants took pictures of MF, which were posted on craigslist.com to solicit men to engage in commercial sex. They then returned to the motel, and informed MF that she could not leave until she made them money. They then took more pictures, including—at Petitioner's direction and using some physical force—explicit photos of MF's genitalia. She eventually escaped and called 911. OPD responded and located a computer in Petitioner's car.

A forensic exam of the computer revealed that four advertisements offering MF for commercial sex were posted using the computer. They also recovered a digital camera and cellular phone. Inside the hotel room, there were four more phones, including MF's. MF later stated that she was hit many times by the defendants during the ordeal.

The PSR also recounts an earlier incident in which Petitioner, along with two of his co-defendants, appear to have been involved in attempting to cause a different 14-year-old girl to engage in prostitution, and Petitioner stood by while that girl was assaulted for not agreeing. Of the four charged in this case, Petitioner is the only one who did not admit his involvement post-arrest. When interviewed by U.S. Probation for the PSR,

---

[1] Respondent's factual background was taken from Petitioner's Presentence Report (PSR), previously filed under seal as Exhibit 1 to United States' Response in Opposition to Defendant's Motion to Reduce Sentence [Doc. 244], as well as the United States' Trial Brief [Doc. 97].

Petitioner commented that he was sorry the victim went through this, but stated this was "not as we perceive."

On April 1, 2009, Petitioner was indicted for violation of 18 U.S.C. §§ 2251(a), (e) and 2 (sexual exploitation of a child and aiding and abetting). On October 30, 2009, a superseding indictment was filed, which added violations of 18 U.S.C. §§ 1591(a) and (b) (sex trafficking of children and by force, fraud and coercion) and 18 U.S.C. §§ 1594 (attempted sex trafficking of children by force, fraud and coercion).

On November 2, 2009, Petitioner pled guilty to Sex Trafficking of Children in violation of 18 U.S.C. § 1591. (*Plea Agreement* [Doc. 58] § I.) The offense carries a ten-year mandatory minimum sentence. In exchange for Petitioner's guilty plea, the Government agreed to dismiss the indictment for sexual exploitation of a child in violation of 18 U.S.C. § 2251, which carried a higher mandatory minimum sentence of 15 years in custody. (*Id.*) As part of the Plea Agreement, Petitioner also agreed to waive his right to appeal and collaterally attack his conviction and sentence. (*Id.* § XI.)

On June 2, 2010, this Court sentenced Petitioner to 120 months of imprisonment, followed by five years of supervised release. Fifteen months of the 120-month sentence ran concurrently with a separate state court sentence. Petitioner has a projected release date of July 10, 2028.

On November 4, 2021, Petitioner filed a Petition to vacate his sentence under 28 U.S.C. § 2255, which raised four claims for ineffective assistance of counsel. (*Petition* [Doc. 256].) On December 28, 2021, Petitioner filed the Amended Petition, which repeated the original four claims and added three more claims for ineffective assistance of counsel. (*See Amended Petition* [Doc. 262].) In summary, Petitioner alleges ineffective assistance of counsel based on the following: (1) failure to file a notice of appeal; (2) failure to conduct adequate mitigation; (3) misrepresentation of the Plea Agreement with regard to Petitioner's sentence; (4) failure to provide Petitioner with discovery; (5) failure to object based on the ex post facto clause; (6) ineffective assistance of counsel in violation of the Fourteenth Amendment; and (7) failure to raise various

objections. (*Id.* pp. 4, 5, 7, 8–13.[2]) On February 11, 2022, Respondent filed its opposition. (*Opp'n* [Doc. 273].) Respondent argues the Amended Petition is untimely because the original Petition was filed approximately eleven years after Petitioner's judgement became final. (*Id.* 4:8–5:28.) On April 11, 2022, Petitioner filed his Reply. (*Reply* [Doc. 278].)

## II. DISCUSSION

### A. The Amended Petition is untimely.

Respondent argues that the Amended Petition is untimely because Petitioner's judgment was final on June 16, 2010. In his Reply, Petitioner does not dispute that his judgment became final more than ten years before the Petition was filed. Instead, he argues the Petition and Amended Petition is timely because he was unaware of the facts upon which his ineffective assistance of counsel claims are based.

28 U.S.C. § 2255 provides that "a 1-year period of limitation shall apply to a motion under this section." Relevant to the present action, the limitations period runs when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (citing United States v. Johnson, 457 U.S. 537, 542 n.8 (1982)). The one-year limitations period begins to run "when a person knows or through the use of diligence could discover the vital facts, regardless of when their legal significance is actually discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012).

Here, the "vital facts" underlying Petitioner's claims are:

(1) His attorney failed to file a notice of appeal. (*Amended Petition* p. 4.)

(2) From 2009 through 2010, his attorney and investigator failed to "look into anything [Petitioner] requested of him." (*Id.* p. 5.)

---

[2] Page references to the Amended Petition are to the CM/ECF stamp.

|   |   |   |
|---|---|---|
| | (3) | The Plea Agreement "had language I did not agree with" and his attorney "kept reassuring me the Court would run this sentence concurrent with my state sentence." (*Id.* p. 7.) |
| | (4) | His attorney failed to give him discovery and "would make excuses as to why I could not have discovery which I am entitled to…." (*Id.* p. 8.) |
| | (5) | On November 23, 2011, the Ninth Circuit issued United States v. Jones, 459 Fed.Appx 616 (9th Cir. 2011), reversing in part co-defendant Patrick Jones's jury conviction based on the ex post facto clause. (*Id.* pp. 9–13.) |

Thus, to establish that his petition is timely, Petitioner must demonstrate that these facts could not have been discovered through the exercise of reasonable diligence until after November 4, 2020 (i.e., one year before the petition was filed).

There is no dispute Petitioner knew all of the facts underlying at least three of his ineffective assistance of counsel claims by the time he was sentenced on June 2, 2010. By then, Petitioner knew that his attorney had not provided him with discovery or investigated mitigation factors. He also knew the terms of the Plea Agreement and, therefore, knew about the disagreeable language. And after this Court sentenced Petitioner, he knew how long his state-court sentence would run concurrent with his federal sentence. As for his claim based the ex-post facto clause, the Ninth Circuit's decision was issued on November 23, 2011, and Petitioner does not assert he was unaware of or could not discover the outcome of his co-defendant's appeal for nine years.

Petitioner's final ineffective assistance of counsel claim is based on the contention that the day he was sentenced—despite having waived his right to appeal—"I asked Mr. Blake to file a notice of appeal on my behalf…." (*Amended Petition* p. 4.) In order to demonstrate that this claim is timely, Petitioner must demonstrate reasonable diligence for over a decade—June 16, 2010 to November 4, 2020.

In his Reply, Petitioner appears to contend that he did not discover his attorney's failure to file the appeal because he did "not have access to Pacer or the docket report in his case at the State prison. In fact they do not have any federal legal materials." (*Reply*

4:13–15.) He also states that after being sentenced, "he could not reach his attorney by phone or through written correspondence." (*Id.* 4:15–16.)

The problem with Petitioner's argument is that he fails to identify any affirmative steps taken to determine whether his appeal was ever filed. While it may have been reasonable for Petitioner to do nothing for the first year or two after not hearing from his attorney, at some point it became unreasonable for Petitioner not to take any affirmative steps to determine if his appeal was ever filed. Yet, there are no facts in the original Petition, Amended Petition or Reply remotely suggesting Petitioner did anything. There is no indication Petitioner ever wrote to this court for a copy of the docket or copy of the notice of appeal. Petitioner also fails to identify when, if ever, he last attempted to write or telephone his attorney about the appeal. Nor is there any indication Petitioner ever attempted to contact a family member or friend for help determining if an appeal was ever filed. In short, the circumstances indicate that after allegedly asking his attorney to file an appeal, Petitioner took no interest for over ten years in determining whether an appeal was filed.

In sum, there is no dispute that on June 10, 2010, Petitioner was aware of the majority of facts underlying the claims raised in the original Petition and Amended Petition. Assuming for the sake of argument that his knowledge of those facts did not bar all of his claims, Petitioner has failed to demonstrate reasonable diligence in discovering that a notice of appeal was not filed. Accordingly, the Court finds the Petition and Amended Petition are untimely.

### B. The Amended Petition is barred by Plea Agreement.

Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." <u>United States v. Navarro-Botello</u>, 912 F.2d 318, 321 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Brady v. United States</u>, 397 U.S. 742, 752 n. 10 (1970); <u>United States v. Wiggins</u>, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce an appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its

terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000). Because Petitioner's Plea Agreement includes an appellate and collateral attack waiver, the Court must determine whether to enforce the waiver.

First, a valid waiver requires that Petitioner agreed to its terms knowingly and voluntarily. See id. Courts look to the circumstances surrounding the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the Plea Agreement with his attorney's advice and consent and Petitioner represented that he fully understood the agreement. (Plea Agreement § XV.) Petitioner also represented that his plea was knowing and voluntary (*id*. § VI), and Petitioner represented that he was satisfied with his attorney's performance (*id*. § 16.) Additionally, the transcript from Petitioner's plea hearing confirms that he understood the agreement, and entered it knowingly and voluntarily. (See 10/26/10 Transcript [Doc. 167], 11:19–14:14.) Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract principles, including the parol evidence rule. See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parol evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument." Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am., 912 F.2d 366, 370 (9th Cir. 1990). Here, the Plea Agreement explicitly provides that in exchange for the Government's concessions in the agreement,

> defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than of the high end of the guideline range recommended by the Government pursuant to this plea agreement at the time of sentencing or statutory mandatory minimum

term, if applicable. If the custodial sentence is greater than the high end of that range, defendant may appeal his sentence only, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Plea Agreement* § XI.) Thus, the appeal waiver is valid as long as Petitioner's sentence was not above Respondent's recommended high end of the guideline range or the statutory mandatory minimum term. Because Petitioner's sentence is consistent with the terms of the Plea Agreement, Petitioner's collateral attack on his sentence is barred. The Court is, therefore, prevented from granting the habeas relief requested in the Petition and Amended Petition.

### III.   CONCLUSION & ORDER

For the reasons stated above, the Court **DENIES** the Petition [Doc. 256] and Amended Petition [Doc. 262]. In light of this Court's finding that the Petition and Amended Petition are untimely and barred by the appellate waiver, the Court also **DENIES** Petitioner's affidavit to file the state-court record [Doc. 279].

Because reasonable jurists would not find the above assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

Dated: October 19, 2022

_____
Hon. Thomas J. Whelan
United States District Judge